NOT DESIGNATED FOR PUBLICATION

No. 115,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARRON J. LONG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed October 28, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*:  Arron J. Long appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Long's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State agrees summary disposition of Long's appeal is appropriate. Because we find no abuse of discretion on the part of the district court, we affirm.

On July 22, 2013, Long pled guilty to two counts of distribution of oxycodone, one count of no drug tax stamp, and one count of driving under the influence. The district

court sentenced Long to an underlying prison term of 30 months and 24 months' postrelease supervision but granted him probation from that sentence for 18 months.

On May 23, 2014, the district court revoked Long's probation for failure to report to his probation officer and failure to complete treatment. The district court reinstated his probation for another 18 months with the added condition that Long obtain in-patient treatment at a new facility. On June 25, 2015, Long's probation was again revoked after he stipulated that he failed to complete treatment at the new in-patient facility, failed to register, tested positive for oxycodone, and failed to submit to drug screenings on 15 separate occasions. The district court imposed a "3-day dip," placed Long in a residential center, and extended his probation for another 18 months.

On October 25, 2015, the district court revoked Long's probation for the third time and ordered Long to serve his underlying prison sentence. At the probation revocation hearing, Long stipulated that he had received three disciplinary reports at the residential center; had not paid fines, court costs, or fees; and had tested positive for oxymorphone. Additionally Long admitted that he had smuggled pills into the residential center. The district court determined that it was not in Long's best interests to impose another intermediate sanction and denied Long's motion for reinstatement of probation, stating:

> "Someone with substance abuse problems, an addiction like yours, a second chance, sometimes a third chance, we're talking about a fourth or fifth chance here. I do not believe it's in your best interest just to have you go serve 90 days on a 180-day dip and come back and do [residential treatment].

> "If you can do the same program at Secretary of Corrections under the guidance of the Secretary of Corrections, I think what is best for you is to serve your sentence previously imposed and the motion to reinstate probation is denied."

2

The district court determined that there was a voluntary treatment program in prison similar to what he was receiving at his current residential facility.

Long timely appeals.

"Once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Long bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Long argues the district court abused its discretion by revoking his probation. K.S.A. 2015 Supp. 22-3716(c)(9) allows a district court to order a probationer to serve the remainder of his or her underlying sentence, without ordering an intermediate sanction, when it is in the probationer's best interests. The district court here found that it was in Long's best interests to serve his underlying sentence. No errors of fact or law are present in the district court's decision. Long has a history of probation violations, including smuggling pills into a residential treatment facility, and can receive similar treatment for his drug addiction in the care of the Secretary of Corrections. Thus, we cannot conclude that the district court abused its discretion by ordering Long to serve his original sentence.

Affirmed.